## SUNNEY v. HOLT, Ex'r, etc.

(*Circuit Court, N. D. Ohio, E. D.* February Term, 1883.)

1. NEGLIGENCE—DEFINITION.

Negligence is the failure to do what a reasonably-prudent person would ordinarily have done under the circumstances of the situation, or doing what a person under the existing circumstances would not have done.

2. SAME—RECOVERY—CONTRIBUTORY NEGLIGENCE.

Where a plaintiff so far contributes to an injury complained of by his own negligence, or want of ordinary care and caution, that but for that negligence or want of care and caution on his part the injury would not have happened, he is not entitled to recover.

3. SAME—OWNER OF VESSEL—DEGREE OF CARE.

The owner of a vessel is required to exercise the usual and customary mode and care adopted by reasonably-prudent persons in control of vessels of like character, for safety to their employes from hatchways, usually adopted and used on board of vessels of the character of his, and under like circumstances, and if that was not done by the owner and his agents, such failure would be negligence, and if an employe was injured thereby without his own carelessness contributing thereto, the owner would be liable to damages therefor.

4. SAME—NEGLECT OF PORTER TO LIGHT VESSEL—CO-LABORER.

Where it is the duty of a porter on a vessel to place lights upon a vessel and about the hatchways, if left open, and by reason of his failure to place such lights an employe falls down a hatchway and is injured, although such porter may have been a co-laborer in performing his duty in regard to the lighting of the vessel, he is the agent of the owner of the vessel, and his negligence would be the negligence of such owner.

5. MASTER AND SERVANT—RISKS OF EMPLOYMENT.

A party accepting the employment of a deck hand holds out to the employer that he is competent to discharge the duties of such employment, and incurs all the necessary and reasonable liabilities to accidents incident thereto, and if at the time of the hiring nothing is said as to his inexperience, the employer has a right to presume that he is familiar with all the duties of a deck hand; but if he informs the employer that he has no such experience, and no knowledge of the localities of the hatchways or of the gangways of the vessel, a greater degree of care would be required on the part of the employer to protect him from dangers that might be incidental to the employment under those circumstances.

6. NEGLIGENCE—WHAT JURY TO CONSIDER.

Where an injury is alleged to have been caused by falling through a hatchway on a vessel, left open at night and not properly lighted, the jury should consider what is the usual custom, manner, and mode of lighting up such vessels, then determine whether the hatchway was negligently left open or was properly lighted by the parties in charge of the vessel, and whether, under all the circumstances of the case, the party injured was not himself guilty of negligence.

7. SAME—MEASURE OF DAMAGES.

In such a case, where the jury find in favor of the plaintiff, they should assess him such damages as under the circumstances would be a reasonable compensation for the injury received, taking into consideration the physical pain

and suffering endured by him, his loss of time, his expenses for nursing and doctors' bills, his diminished capacity to attend to business or work in the future, and whether or not the disability occasioned by the injury is permanent.

At Law.

WELKER, J., (*charging jury.*) The plaintiff in this case was employed by the intestate upon the steam-barge Nebraska as a deck hand on some day in the month of November, 1877, and on the same evening, about 8 o'clock, while executing an order given by the captain in control of the vessel, owned in part by the intestate, fell into the open hatchway and was seriously injured, and for which he seeks to recover damages in this action. The plaintiff alleges that the intestate defendant, by his officers, was guilty of carelessness and negligence in allowing, after night, a hatchway on the vessel to be left open and without suitable and proper lights to guard against danger from it to those employed on the vessel, and particularly to the plaintiff. That the plaintiff was without fault and not guilty of any carelessness that contributed to the injury complained of. This negligence of the intestate and due care of the plaintiff are denied by the defendant. This allegation in the petition, and the denial by the defendant, form the issue that you are to decide and determine from the evidence you have heard on the trial.

To entitle the plaintiff to recover it must be shown to you that the injury complained of was occasioned entirely by the carelessness and negligence or improper conduct of the intestate defendant, through his agents having control of the vessel at the time. Negligence is the failure to do what a reasonably-prudent person would ordinarily have done under the circumstances of the situation, or doing what a person under the existing circumstances would not have done. If the plaintiff so far contributed to the injury complained of by his own negligence or want of ordinary care and caution as that, but for that negligence or want of care and caution on his part, the injury would not have happened, then he is not entitled to recover. One who, by his own negligence, has brought injury upon himself, cannot recover damages for it.

In settling the fact of carelessness and negligence on the part of the intestate, as well as that of the plaintiff, it is important to settle the relative duties of each. The intestate was required to use ordinary care in regard to the hatchway on the vessel in the night-time, and such as would reasonably guard and secure the safety of his employes on the vessel, and to guard against danger and injury to them in the performance of their work. In doing so it was his duty to

exercise and employ the usual and customary mode and care adopted by reasonably-prudent persons in control of a vessel of like character, for safety from the hatchways, usually adopted and used on board of vessels of the character of the Nebraska, and under like circumstances. If such usual care was employed, then the intestate performed his duty towards the plaintiff. But if that was not done by the intestate and his agents, then such failure would be negligence; and if thereby the plaintiff was injured, without his own carelessness contributing thereto, the intestate would be liable to damages therefor.

The intestate defendant cannot relieve himself of this responsibility by showing that it was the duty of the porter employed on the vessel by the intestate to place lights upon the vessel and about the hatchways, if left open, and that if none were so placed by the porter it was the negligence of the porter although the porter may have been a co-laborer with the plaintiff upon the vessel. In performing his duty in regard to such lighting of the vessel, he was the agent of the intestate for that purpose, and such negligence would be the negligence of the intestate. It was the duty of the plaintiff to use ordinary care and caution to avoid the injury, even though the intestate had been guilty of carelessness in not having the hatchway properly lighted. If it appear from the evidence that it was usual and customary in the use of such vessels after night to close the hatchway, or, if left open for work, to place lights in proper places to warn persons of the danger of an open hatchway, then, if the plaintiff, when he got upon the vessel near the hatchway, found no lights were placed there, he had a right in going forward to suppose the hatchway was properly closed, or if he did not know the locality of the hatchway, to suppose the deck was free from danger in passing over to execute the orders given by the captain.

The plaintiff in taking the employment of the intestate held out to him that he was qualified to discharge the duties he was to perform, and by the contract of hiring he incurred all the necessary and reasonable liabilities to accident incident to the position in which he employed himself to work for the intestate. If the intestate or his agent was not informed of his want of experience for the place he was to fill, then he had a right to presume he was properly familiar with his duties and the mode of their performance. If he was hired without anything being said by the plaintiff at the time of the hiring that he had no experience, the intestate or the officer representing the intestate had a right to presume he was familiar with all the duties that he would be required to perform as a deck hand on board of the ves-

sel. But if the agent of the intestate was informed at the time that the plaintiff had no such experience and had no knowledge of the localities of the hatchways or of the gangways of the boat, then a greater and a higher degree of care would be required at his hands to protect him from danger that might be incidental to the employment under those circumstances. If the plaintiff had knowledge of danger on the deck from the hatchway or obstruction, and it being dark, it devolved greater care on his part in approaching a place where danger might be met, and in doing so, he would be required to exercise a higher degree of care than he would under other circumstances.

You will see then, gentlemen, from these general instructions, that the important question or fact for you to determine is as to the condition of the hatchway at the time when the plaintiff fell into it, for it is conceded by the parties that he did fall into it.

Now, it is claimed on behalf of the plaintiff that the hatchway was left open, (and that seems to be conceded,) and that there were no lights there to guard him or notify him that there was danger of his falling into it. It is said on behalf of the defendant that the hatchways were properly lighted up. It is important for you, gentlemen, to look into the evidence of the witnesses in regard to what is the usual custom and manner and mode of lighting up these vessels, and then to determine as a question of fact whether the hatchway at the time was left open for purposes of work, or, if left open, whether it was lighted properly by the parties in charge of the vessel, and that is the principal question of fact that you are to determine in this controversy. If this vessel was properly lighted up at the time this plaintiff approached the neighborhood of the hatchway, in the execution of this order, it would require much evidence to show that he, without carelessness on his part, fell into it, and the intestate would have discharged his duty if he had properly lighted it up, and although it might be that the plaintiff fell in the hatchway, yet carelessness could be hardly imputed to the persons in charge of the vessel if it was so properly lighted up.

Now, gentlemen, take these general directions and apply them to the evidence before you, and it is for you to determine whether the plaintiff has made out his case,—whether he has shown the carelessness complained of in the petition, and whether the evidence, as a whole, shows that he was not himself guilty of negligence and carelessness. If you find in favor of the plaintiff on that issue, then your verdict will be for the plaintiff. But, on the other hand, if you find

that the defendant was guilty of carelessness, but that the plaintiff himself contributed to the injury complained of, then your verdict would be in favor of the defendant, for both of these things must be made out before the plaintiff, in a case like this, is entitled to recover.

If, then, you find in favor of the plaintiff on this question of fact, it will be your duty to assess him such damages as you think, under the circumstances, he is entitled to receive—such reasonable compensation for the injury that he received on the occasion complained of. The amount that a plaintiff, in a case like this, is entitled to recover is entirely within your control. You are to exercise your own sound judgment upon that subject, if you find for the plaintiff, in assessing the amount of damages.

There are, however, several elements to be taken into account in such assessments of damages, such as the physical suffering and pain endured, occasioned by the injury complained of, the loss of time occasioned by the injury, the expenses of nursing and doctor bills, diminished capacity to attend to business or work in the future, a permanent disability occasioned by the injury, if such be shown by the evidence.

----

The jury, after deliberation, returned a verdict for the plaintiff for the sum of $4,900.

A motion to set aside the verdict, and for a new trial, was filed by defendant, alleging, among other things, error in the charge of the court in declining to charge the jury that the negligence in failing to light the hatchway, if such failure was established, was the negligence of a co-laborer of the plaintiff, and that therefore the plaintiff could not recover.

By request of Judge WELKER, Judge BAXTER sat with him, and heard the argument on the motion for a new trial, and the circuit judge fully concurring as to the principles of law stated in the charge of Judge WELKER, the motion for a new trial was overruled by the latter, and a judgment entered on the verdict for the amount returned by the jury.